UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 17-23144-CIV-MARTINEZ-OTAZO-REYES**

YOANDRY SANCHEZ MADRIGAL and all
others similarly situated under 29 U.S.C. § 216(b),

    Plaintiff,

vs.

CVICHE 105, INC., CVI.CHE 305, LLC, and
JUAN CHIPOCO,

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court upon Defendants' Motion to Compel Arbitration and Dismiss (Or, Alternatively, Stay) Judicial Proceedings [ECF No. 15]. The Court has carefully considered the Motion, Plaintiff's Response [ECF No. 21], Defendants' Reply [ECF No. 22], and the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Compel Arbitration.

### I. BACKGROUND

Plaintiff, a former employee of Defendants filed a one count Complaint on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), for violations of the Fair Labor Standards Act ("FLSA"). [See ECF No. 1]. Defendants moved to compel arbitration of Plaintiff's complaint. In support, they submitted an arbitration agreement Plaintiff signed on November 4, 2013. [See Cvi.Che 105, Inc. Arbitration Agreement (the "Arbitration Agreement"), ECF No. 15-1.] In relevant part, the Arbitration Agreement states that

> Except for the claims set forth in the paragraph below, you are required to arbitrate any and all dispute claims, or controversies ("claim") against the Company that could be brought in a court including but not limited to, all claims arising out of your employment and the cessation of employment, including any claim that could have been presented to or could have been brought before any court. This Agreement to arbitrate includes, but is not limited to, claims under… the Fair Labor Standards Act. (See *id.* at ¶ 1.)

Though Plaintiff does not dispute signing the Arbitration Agreement, he claims that because the arbitration agreement violates the remedial purposes of the FLSA, it is unenforceable.

## II. LEGAL STANDARD

"The Federal Arbitration Act ("FAA") establishes a general federal policy favoring arbitration." *Mims v. Global Credit & Collection Corp.*, 803 F. Supp. 2d 1349, 1352 53 (S.D. Fla. 2011) (Altonaga, J.) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217–18 (1985)). The Supreme Court recognizes that Section 2 of the Act "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Id.* (citation omitted). But, "'[w]hile there is a liberal federal policy favoring arbitration agreements, 'the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate.'" *Id.* (citation omitted); *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) ("[P]arties cannot be forced to submit to arbitration if they have not agreed to do so.") (internal quotation omitted). When considering whether claims are subject to an arbitration provision, a district court must undertake a two-step inquiry. *See Mims*, 803 F. Supp. 2d at 1353. First, the court must determine whether the parties agreed to arbitrate the dispute, which is a determination made by reference to the "'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA].'" *Id.* "If the court concludes that the parties did agree to arbitrate the dispute in question, then the second step is to consider whether legal constraints external to the parties' agreement foreclose the arbitration of those claims." *Id.* (citation omitted).

## III. ANALYSIS

Plaintiff argues that the Arbitration Agreement is unenforceable because unlike the FLSA, which allows a prevailing plaintiff to recover reasonable attorney's fees, the Arbitration Agreement mandates each party to bear its own costs and fees associated with the arbitration and thus "violates the remedial purposes of the FLSA". [Resp. 3, ECF No. 21.] Plaintiff relies on *Hernandez v. Colonial Grocers, Inc.*, 124 So. 3d 408 (Fla. 2d DCA 2013) to invalidate the Arbitration Agreement. In *Hernandez*, the plaintiff (who filed an action alleging violations of the FLSA) challenged the subject arbitration agreement because it included a prevailing party attorney's fees provision. 124 So. 3d at 409. The plaintiff argued that this provision rendered the arbitration agreement unenforceable because it was contradictory to the attorneys' fees provision of the FLSA. *Id.* In reversing the trial court's decision to compel arbitration, the court noted that the prevailing party provision "expose[d] [the plaintiff] to a potential liability to which he would

not be exposed if the litigation occurred in civil court because [the FLSA] specifically protects him from such liability." *Id.* at 410.

Here, Plaintiff is making the exact same argument as the Plaintiff in *Hernandez*. Nevertheless, this case is distinguishable from *Hernandez* in that there is no prevailing party attorneys' fee provision in the Arbitration Agreement. The Arbitration Agreement at issue specifically provides that:

> [t]he Company will pay 100% of the Arbitration Firm's fees as well as the arbitrator's fees and expenses. The Company also will pay (or reimburse you) for 100% of any filing fees that the Arbitration Firm may charge to initiate arbitration. Each party shall otherwise bear its own costs and fees associated with the arbitration including, but not limited to, attorneys' fees and the costs and fees of responding to discovery requests.
> [ECF No. 15-1, Section 6.b.]

Furthermore, the Arbitration Agreement states:

> [t]he arbitrator shall be authorized to make awards including any remedy or relief provided by statute or common law under which the claim or dispute arises. However, the arbitrator shall have no authority to make awards beyond said remedy or relief. **The arbitrator may award reasonable attorneys' fees and expenses only if expressly permitted by applicable statute or law. In the absence of such an express requirement, the arbitrator shall not have the authority to award attorneys' fees and expenses to either party.** *Id.* at section 6.g.

While the Arbitration Agreement mandates parties to bear their own costs and attorneys' fees, it also allows for an award of attorneys' fees if permitted by statute. Therefore, this provision is different from *Hernandez* in that it does not defeat FLSA's remedial purpose and is thus, enforceable.

Even if this Court agrees with Plaintiff's interpretation of the provision at issue, this Court cannot invalidate the entire Agreement. An arbitration clause that contains unenforceable remedial restrictions that deprives an employee of "any hope of meaningful relief" in an arbitration proceeding is unenforceable. *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998). But "[i]f the offensive terms are severable, then the court must compel arbitration according to the remaining, valid terms of the parties' agreement." *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331 (11th Cir. 2005). "Severability is decided as a matter of state law," but only general-contract law, not arbitration-specific-contract law. *Id.* at 1331 & 1331 n.3. ("The [Federal Arbitration Act] preempts state contract law only to the extent that a state-law principle that takes its meaning precisely from the fact that a contract to

arbitrate is at issue.") (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 423 (1967)). A "court should deny the motion to compel arbitration only where the invalid terms of the arbitration clause render the entire clause void as a matter of state law." *Id.*

As stated above, the provision at issue mandates parties to bear their own costs and attorneys' fees. But this alone does not render the whole agreement unenforceable. Under Florida law, an unenforceable portion of a contract can be severed, or eliminated, as long as the unenforceable provision does not go to the "essence" of the parties' agreement. *Local No. 234 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Henley & Beckwith, Inc.*, 66 So. 2d 818, 821–22 (Fla. 1953). The revised agreement must still contain valid promises by both parties. *Id.* A court must make this determination "by a fair construction of the terms and provisions of the contract." *Id.* at 822.

In this case, even if the Court assumes arguendo that section 6.b. is an unenforceable remedial restriction, the parties still have a valid agreement to resolve employment-related disputes through arbitration. The provision that Plaintiff is challenging simply shape how the arbitration will proceed—it does not go the heart of the parties' agreement to arbitrate their disagreements. As a result, the remedial restriction is severable under Florida law.

Having determined that the offending provisions is severable, the Court must now compel arbitration and stay this case. *Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1032 (11th Cir. 2003) ("Because any invalid provisions are severable, the underlying claims are to be arbitrated regardless of the validity of the remedial restrictions."). "Since the case is going to arbitration, an arbitrator and not a court should decide the validity of the remedial restriction provisions, because a court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided." *Id.* at 1032–33 (quotation/citation omitted).

Finally, the Court agrees with Defendant that the determination as to whether the statute of limitations is to be calculated from the date he originally filed his claims in this Court is a question for the arbitrator to decide. Where parties have agreed to submit all disputes arising out of a contract to an arbitrator, the arbitrator, not the courts, should determine issues of procedural arbitrability. *Grigsby & Associates, Inc. v. M Sec. Inv.*, 635 Fed. Appx. 728, 733 n.9 (11th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85, 123 S.Ct. 588, 154

L.Ed.2d 491 (2002).

## IV. CONCLUSION

For the foregoing reasons, it is:

**ORDERED AND ADJUDGED** that

1. Defendants' Motion to Compel Arbitration [ECF No. 15] is **GRANTED**.

2. The Clerk shall **ADMINISTRATIVELY CLOSE** this case for statistical purposes. This shall not affect the substantive rights of the parties. All pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 9 day of May, 2018.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record